[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant, whose maiden name was Judith P. Simonds, were married on December 18, 1974 in Derby, Connecticut.
The plaintiff has resided continuously in the State of Connecticut for at least twelve months prior to the filing of this complaint.
The marriage of the parties has broken down irretrievably.
There are three minor children issue of this marriage, to wit: Emily Melissa Recalde, born March 27, 1977; Jennifer Jessica Recalde, born February 5, 1978 and Robert Anthony Recalde born September 6, 1982.
No other minor children have been born to the defendant since the date of said marriage.
Neither party has been a recipient of any State or Municipal Aid.
The marriage of the parties is hereby dissolved.
Physical custody of Robert Recalde is hereby ordered to be with the mother. Physical custody of Jennifer Recalde is hereby ordered to be with the father. Physical custody of Emily will remain with the current foster care being provided for her. Custody will be joint, and physical custody is as stated above. Visitation shall be reasonable on behalf of the father and mother.
Child support will not be awarded in this action because each party has custody of a minor child. CT Page 8028
The property located at 235 Waverly Road, Shelton, Connecticut shall be sold, and the proceeds divided equally when the youngest child reaches 19 years of age. In the event the wife desires to dispose of the property before that date, she is to list it with a real estate agent mutually agreed upon by the parties, or in the alternative, the defendant may purchase the plaintiff's interest in the home for $45,000.00 dollars. However, the defendant must exercise this option to purchase within 12 months of the date of this judgment or said purchase option is deemed to be null and void.
The defendant shall be responsible for all repairs, mortgage payments and taxes of the said property located on Waverly Road in Shelton, Connecticut. Any major repairs shall be accomplished with the approval of the plaintiff, and shall be divided equally.
The defendant wife's pension plan shall be retained by the defendant solely. However, the tort claim or compensation claim shall be the sole property of the plaintiff.
The defendant shall pay to the plaintiff $100 dollars a week as alimony for a period of three years. This amount shall be nonmodifiable.
The court finds for the defendant for all furniture, appliances and kitchen items in the marital home and the plaintiff will be allowed to deduct $1,000 dollars from any arrearage for child support as against the arrearage owed to the defendant.
The plaintiff has a pending liability case for the loss of the plaintiff's right hand. The court directs that this compensation for a liability claim shall be the exclusive property of the plaintiff, Victor Recalde.
The defendant's attorney was directed to file a prayer for relief and failed to submit said prayer.
Medical insurance for the children shall be provided by the defendant through her employer. Any unreimbursed medical or dental bills shall be divided equally.
Each party shall retain his or her own automobile. CT Page 8029
Neither party on their affidavit indicates how the foster care is provided for the minor child Emily. The court finds if there is a foster care obligation that it be divided equally between plaintiff and defendant.
Philip E. Mancini, Jr. State Trial Referee